THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JERRY "POSSUM" GARDNER, Petitioner-Appellant.

(No. 72-46; ■■■■■■■■)

Fifth District—November 17, 1972.

Linda West Conley, of Defender Project, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Gerald Owens, State's Attorney, of Benton, (James B. Zagel and Thomas E. Holum, Assistant Attorneys General, of counsel,) for the People.

PER CURIAM:

Jerry "Possum" Gardner, defendant herein, was charged by information with the crime of burglary on December 8, 1969. The Public Defender was appointed to represent him, and on December 19, 1969, defendant entered a plea of guilty to the information in the Circuit Court of Franklin County, and was sentenced to three to five years in the Illinois State Penitentiary. On January 14, 1971, defendant filed a petition for post-conviction relief, alleging that he had not been adequately advised of his rights to indictment and trial by jury, and that his guilty plea had been induced by promises extended by authorities in Franklin County that he would not be prosecuted on charges pending against him in Williamson County, which promises were not kept. After an evidentiary hearing in the Circuit Court of Franklin County, defendant's petition was denied. From the denial of this petition, defendant appealed to the Illinois Supreme Court, and the case was transferred to this Court by order of the Supreme Court dated January 12, 1972.

It appears from the record that there were charges pending against defendant in Franklin, Saline, Hamilton, and Williamson Counties. As a result of plea negotiations, the other charges in Franklin County were not prosecuted, and the charges in Saline and Hamilton Counties were dropped. The charges in Williamson County were not dropped, and defendant was convicted and sentenced on those charges subsequent to his guilty plea in Franklin County on the burglary charge. The State's Attorney of Franklin County testified at the hearing that he had advised defendant that the State's Attorney in Williamson County had refused to drop the charges in return for defendant's guilty plea to the Franklin County burglary, but that based on his experience, he felt that the charges would not be prosecuted in Williamson County. The State's Attorney further testified that "We particularly told him about the possibility of his being returned from the penitentiary to Williamson County to stand trial". It is thus clear from the record that defendant was told of William-

son County authorities' unwillingness to drop the charges against him in that county, and thus it cannot be fairly said that the State's Attorney broke a "promise" to defendant. The cases cited by defendant for the proposition that the conduct of the Franklin County authorities in advising defendant that he probably would not be prosecuted in Williamson County, are inapposite here, because in those cases there were actual promises made which induced the pleas of guilty, which promises were not kept.

Defendant next contends that he was not adequately advised of his right to indictment by a grand jury and to trial by jury. With respect to the waiver of indictment, it appears that the following conversation took place in open court:

> "Defense Counsel: This is a waiver of indictment by grand jury that I explained to you. You have a constitutional right to have a chance to hear the evidence the grand jury has against you. By signing this you waive this right."
> [Defendant then signs the waiver.] * * *
> The Court: I notice here previously Judge Hanagan explained his constitutional rights to him and that you were appointed as his attorney.
> Defense Counsel: Yes, and I have conferred with him and I have explained to him that he has a right to have the matters contained in the information heard by a grand jury, the same constituted by 22 people at a secret proceeding at which they may or may not return a true bill or indictment against him. Nevertheless he wishes to waive his constitutional rights."

■■ Defendant claims that the Court did not inquire of defendant personally whether he understood his right to indictment as was required under Supreme Court Rule 401 (b) in effect at the time, and therefore defendant must be allowed to plead anew. Whereas the Court should have inquired as to defendant's comprehension of his rights, failure to do so does not automatically raise a constitutional objection in accepting the guilty plea. It must be remembered that this is an appeal from the denial of post-conviction relief after a hearing, and the Illinois Supreme Court has held that only those allegations that assert a denial of constitutional rights will justify in such an action. (See *People v. Orndoff*, 39 Ill.2d 96; *People v. Covington*, 45 Ill.2d 105.) The violation of a right granted by statute or Supreme Court Rule is not a matter that will justify relief here unless such a right involves a constitutional (State or Federal) right. (*People v. Covington, supra.*) Thus, without more, defendant is not entitled to relief here.

■■ Defendant further contends, however, that he was not adequately

advised of his right to trial by jury. In this regard, it appears that the following conversation took place in open court:

> "Defense Counsel: And this is your plea of guilty to the charge of Burglary. You understand by signing this you waive your right to a trial by jury, and you understand the penalty for Burglary is not less than one year nor more than your natural life. In other words it is one to life. You understand that?
> Defendant: Yes.
> Defense Counsel: You understand by signing this you waive your constitutional rights to a trial by jury?
> Defendant: Yes." (Defendant executes a waiver of trial by jury and plea of guilty.)

Later on in the proceedings the defense counsel stated in open court:

> "* * * Also it has been explained to him that he has a right to have his case heard by a jury of twelve people and that it would be incumbent upon the State to prove him guilty beyond a reasonable doubt and that he is presumed to be innocent until proven guilty beyond a reasonable doubt. Nevertheless he persists in wanting to enter the waiver of trial jury and plea of guilty, and we stand ready at this time to be sentenced."

Defendant was present in court during these proceedings and it thus cannot be fairly said that he did not understand his right to a trial by jury or was not advised of the consequences of the plea of guilty. It has been held before that the "essentials of an admonishment" have been complied with if an ordinary person in the position of defendant would understand them as conveying the information required. (*People v. Scott* (1st Dist. 1965), 55 Ill.App.2d 375, 204 N.E.2d 586; *People v. Gray* (1st Dist. 1968), 102 Ill.App.2d 129, 243 N.E.2d 545.) In view of the proceedings herein, we find that the ordinary person would comprehend the nature of the right to trial by jury and the consequences of a plea to the charge of Burglary.

In view of the foregoing, the holding of the trial court is hereby affirmed.