THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANN DREDGE, a/k/a Chris Bandit, Defendant-Appellant.

Fourth District   No. 4—85—0583

Opinion filed October 6, 1986.—Supplemental opinion on denial of rehearing December 2, 1986.

Robert Agostinelli and Pamela Peters, both of State Appellate Defender's Office, of Ottawa, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

On April 25, 1981, the defendant, Ann L. Dredge, was found guilty of aggravated arson (Ill. Rev. Stat. 1979, ch. 38, par. 20—1.1(a)) on the

basis of a fire which she set at the Dwight Correctional Center while an inmate there. On direct appeal, we affirmed her conviction. *People v. Dredge* (1982), 105 Ill. App. 3d 1209, 439 N.E.2d 1118 (order under Supreme Court Rule 23).

On July 21, 1985, the defendant filed a petition for post-conviction relief. In this petition, she alleged that her trial counsel was ineffective because he (1) did not properly investigate the case, (2) did not confer with her with regard to the case, (3) did not interview any of the witnesses listed in the State's answers to discovery, (4) did not present any witnesses or evidence on her behalf at trial, (5) refused to act on or discuss her request for a change of venue, (6) failed to present jury instructions discussing lesser included offenses, (7) did not allow her to testify on her own behalf, and (8) failed to raise in the motion for a new trial, which he filed on her behalf, the issue of whether his motion to withdraw as her counsel prior to trial should have been granted. Aside from the alleged ineffectiveness of her trial counsel, defendant alleged that a separate presentence report was not prepared with respect to her aggravated-arson conviction, that she was the victim of selective prosecution in violation of her equal protection rights, and that her appellate counsel was ineffective because she failed to raise on direct appeal the issue of her trial counsel's alleged ineffectiveness.

In an order entered August 15, 1985, the circuit court dismissed defendant's petition. As the bases for its decision, the circuit court stated, *inter alia*, that the evidence of defendant's guilt was overwhelming, and that the issues raised in her post-conviction petition were "frivolous and wholly without merit." Defendant appeals from this decision.

The recently amended Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*) provides a three-step process for adjudication of petitions for post-conviction relief. First, the circuit court must consider the petition without input by the State or further pleadings by the defendant, in order to ascertain whether it is "frivolous or patently without merit." If the court concludes that it is, the petition is to be dismissed. Such an order of dismissal is appealable.

If the petition is not dismissed as "frivolous or patently without merit," the court must appoint counsel to represent the defendant (if he or she is indigent), and the petition moves to the second stage of the post-conviction petition adjudication process. At this juncture, counsel must first be afforded an opportunity to amend the petition. Thereafter, the petition may be dismissed or denied without a hearing on the basis of either a motion to dismiss or answer filed by the State. An order dismissing or denying the petition at this stage of the proceed-

ings also constitutes an appealable order.

If the petition is not dismissed or denied at the second stage of the adjudicatory process, it progresses to the third and final stage, at which an evidentiary hearing is held. Following this hearing, the circuit court will either grant or deny the relief requested in the petition. *People v. Wilson* (1986), 146 Ill. App. 3d 567; *People v. Cooper* (1986), 142 Ill. App. 3d 223, 491 N.E.2d 815.

■■ ■ In determining the particularity with which a *pro se* petitioner for post-conviction relief must state alleged deprivations of constitutional rights in her petition, we note that such petitioners are often persons of limited education. (See *Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715; *People v. Wilson* (1986), 146 Ill. App. 3d 567.) Therefore, we conclude that in order to withstand dismissal at the first stage of post-conviction proceedings, a petition for post-conviction relief need only contain a simple statement which presents the gist of a claim for relief which is meritorious when considered in view of the record of the trial court proceedings. (See *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.) Requiring *pro se* petitioners to state their claims in greater detail than this would have the practical effect of depriving many such persons of their right of meaningful access to the courts. (*Cf. People v. Wilson* (1986), 146 Ill. App. 3d 567.) Judged by this standard, defendant's petition adequately states a claim of deprivation of her constitutional right to testify at her trial.

■■ It is now generally recognized that a criminal defendant's prerogative to testify at his or her own trial is a fundamental right, which only the defendant may waive. Whether to exercise that right is not one of those matters which is considered a strategic or tactical decision best left to trial counsel. *Jones v. Barnes* (1983), 463 U.S. 745, 77 L. Ed. 2d 987, 103 S. Ct. 3308; *People v. Wilson* (1986), 146 Ill. App. 3d 567; *People v. Campbell* (1984), 129 Ill. App. 3d 819, 473 N.E.2d 129; 2 W. LaFave & J. Israel, Criminal Procedure sec. 11.6, at 53 (1984).

The State contends that the defendant's allegation that she was deprived of her right to testify at her trial is insufficient to get her petition beyond the first stage of post-conviction proceedings because it is unsworn and conclusory in nature. Defendant's petition for post-conviction relief is, however, verified. This, coupled with the fact that defendant's allegation that she was deprived of her right to testify at her trial is uncontradicted by anything appearing in the trial record, is sufficient to require the circuit court to appoint counsel to represent defendant and to docket this cause for further consideration in accordance with sections 122—4 through 122—6 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, pars. 122—4 through 122—6). For

these reasons, we reverse the circuit court's order dismissing defendant's petition and remand this cause to the circuit court with directions to appoint counsel to represent defendant with respect to her petition for post-conviction relief and to docket this cause for further proceedings in accordance with sections 122—4 through 122—6.

Because of our decision, we need not address the remaining arguments which defendant asserts on appeal.

Reversed and remanded with directions.

McCULLOUGH, P.J., and GREEN, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE SPITZ delivered the opinion of the court:

In a petition for rehearing, defendant points out that subsequent to the filing of our initial opinion in this cause, the supreme court declared the statute which she was convicted of violating (Ill. Rev. Stat. 1979, ch. 38, par. 20—1.1(a)) unconstitutional. (*People v. Johnson* (1986), 114 Ill. 2d 69.) In her appellate briefs filed in this cause, defendant contended that this statute is unconstitutional, but did not question the statute's constitutionality in her petition for post-conviction relief. She now contends that we should grant rehearing in order to consider her contention that the statute under which she was convicted is unconstitutional.

In our initial opinion, we remanded this cause to the circuit court with directions that counsel be appointed to represent Dredge with respect to her petition for post-conviction relief. Counsel appointed to represent a *pro se* petitioner for post-conviction relief may amend the *pro se* petition so that it adequately presents the petitioner's allegations of violations of her constitutional rights. (*People v. Slaughter* (1968), 39 Ill. 2d 278, 235 N.E.2d 566.) Nothing in our previously filed opinion in this cause was intended to prevent appointed counsel from amending defendant's petition for post-conviction relief to allege that defendant was convicted on the basis of an unconstitutional statute, and we now hold that in the proceedings on remand, defendant's appointed counsel may file an amended petition for post-conviction relief premised on the unconstitutionality of section 20—1.1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 20—1.1(a)).

For the foregoing reasons, we deny the defendant's petition for rehearing.

Petition for rehearing denied.

McCULLOUGH, P.J., and GREEN, J., concur.