THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LONNIE D. LAWRENCE, Defendant-Appellant.

Fourth District   No. 4—90—0611

Opinion filed March 28, 1991.

Daniel D. Yuhas and John Anthony Palombi, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:
The defendant appeals the McLean County circuit court's dismissal of his post-conviction petition, filed pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 et seq.). The court dismissed the petition, concluding the constitutional

right the defendant claimed had been violated did not exist. We affirm.

The defendant was indicted for attempt to commit first-degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 8—4) and two counts of first-degree murder (Ill. Rev. Stat. 1987, ch. 38, pars. 9—1(a)(1), (a)(2)). He originally entered not guilty pleas but later entered a plea agreement and pleaded guilty to attempt to commit first-degree murder and to second-degree murder. The circuit court sentenced the defendant in accordance with the terms of the plea agreement: 10 years' imprisonment on the attempt charge and 14 years' imprisonment for second-degree murder, the sentences to run concurrently. At the conclusion of the sentencing hearing, the trial judge made the following statements to the defendant:

"Mr. Lawrence, I've made certain findings and entered certain orders in this case. You have a right to appeal, to ask the justices that sit on the Fourth District Appellate Court to review the findings and orders of the Court to determine whether in any manner your rights have been violated. In this matter, because you have entered a plea of guilty, you first have to file in writing a Motion asking me to allow you to withdraw your plea of guilty and asking me further to vacate the judgment I have entered thereon. You have to file that Motion in writing, within 30 days, and that Motion must list all of the errors you believe the Court has made because any errors not listed would be waived for further appeal purposes. We would have a hearing on that Motion. If I allowed the Motion, this case would be reinstated, all three counts. If I denied the Motion, you'd have 30 days from that date within which to appeal to the Appellate Court; that is, to file a notice of appeal with the Circuit Clerk here in McLean County. You have the right to be represented by an attorney ***."

The defendant subsequently filed a post-conviction petition alleging, in part:

"2. The right to Post-Conviction appeal under ch. 110A par. 651 (Supreme Court Rule 651 A & B) having been denied Petitioner by Counsel's failure to advise or implement said right[.]

3. This Petitioner was never explained [sic], nor [sic] offered the right to seek reconsideration of the sentence imposed; without having to attempt to reverse his acknowledgement of guilt.

3. Without the benifit [sic] of knowledge or understanding of an appeal for sentence reconsideration;

Petitioner was incapable of asserting that right. Thus, the burden of seeing this right explored must lie upon counsel for defense.

4. Petitioner's counsel's failure to advise defendant of this appeal right, is a direct violation of his Constitutional rights under the United States Constitution's 5th Amendment, 6th Amendment, and the 14th Amendment of the Constitution, guarenteeing [*sic*] equal rights of effective assistance of counsel and due process of the Law.

5. While not raising the issue's [*sic*] of Due Process, or Ineffective assistance of Counsel in Light of such case's [*sic*] as:

*Strickland v. Washington*, 104 S.CT. 2052 (1984)

*U.S. v. Decoster*, 624 F2d 196 (1976)

*People v. Gross*, 116 Ill. Dec. 828, 519 N.E.2d 1043;

Petitioner asks this Honorable Court to acknowledge that his right to appeal should not be deemed waived due to failure to seek such, in accordance to Court proceedure [*sic*] and protocal [*sic*]."

The court denied the defendant's petition stating, in part:

"8. [T]here is no constitutional or statutory right of the Defendant herein, which requires the sentencing Judge to apprise the Defendant of his right to seek reconsideration of any sentence imposed with or without the Defendant acknowledging or seeking to reverse this acknowledgment of guilt, and;

9. The Court further finds that the Defendant herein has suffered no substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both."

This appeal followed.

■ The defendant contends the trial court erred in dismissing his post-conviction petition without appointing counsel, because the petition sufficiently alleged a constitutional claim. The Act provides a three-step process for adjudication of petitions for post-conviction relief. (*People v. Dredge* (1986), 148 Ill. App. 3d 911, 912-13, 500 N.E.2d 445, 446.) The first step requires the trial court consider the petition to determine whether it is frivolous or patently without merit. If so, the petition is dismissed (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1). If the court decides the petition is not frivolous and patently without merit, the court must appoint counsel to represent the defendant, if indigent. (Ill. Rev. Stat. 1989, ch. 38, par. 122—4; see generally *People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158, *cert. denied* (1988), 488 U.S. 837, 102 L. Ed. 2d 77, 109 S. Ct. 102; *People v. Cooper* (1986), 148 Ill. App. 3d 412, 499 N.E.2d 599.) The court was

not required to appoint counsel to represent the defendant before determining whether his petition was frivolous or patently without merit.

■ To survive dismissal at the first stage of a post-conviction proceeding, the petition need only contain a statement which presents the gist of a meritorious constitutional claim. *People v. Jones* (1988), 168 Ill. App. 3d 925, 936, 522 N.E.2d 1325, 1332; *People v. Potter* (1988), 174 Ill. App. 3d 217, 218, 528 N.E.2d 373, 374; *Dredge*, 148 Ill. App. 3d at 913, 500 N.E.2d at 446.

The defendant's post-conviction petition specifically states the defendant was not alleging an ineffective assistance of counsel claim. Instead the defendant apparently sought new relief under the constitution. The trial court was correct in concluding there is no such constitutional right.

The trial court properly dismissed the post-conviction petition for failing to allege the gist of a constitutional claim. As the State correctly notes, post-conviction petitions are to raise only constitutional claims, not violations of statutes or rules of procedure, which should be made on direct appeal. *People v. Strait* (1982), 110 Ill. App. 3d 514, 442 N.E.2d 641; *People v. Holvey* (1974), 17 Ill. App. 3d 809, 308 N.E.2d 622; *People v. Gardner* (1972), 8 Ill. App. 3d 588, 289 N.E.2d 638.

Finally, we note the allegations of a post-conviction petition must be supported by the record in the case or by accompanying affidavits. (*People v. Gaines* (1984), 105 Ill. 2d 79, 91-92, 473 N.E.2d 868, 875; *People v. Gacy* (1988), 125 Ill. 2d 117, 124, 530 N.E.2d 1340, 1342, *cert. denied* (1989), 490 U.S. 1085, 104 L. Ed. 2d 671, 109 S. Ct. 2111.) The defendant's petition was not supported by the record in the case or by an accompanying affidavit. For this reason alone, the trial court properly dismissed the defendant's post-conviction petition.

■ Defendant next contends he was denied his right to a direct appeal because the trial court failed to inform him he could appeal his sentences without withdrawing his guilty plea. The defendant bases arguments for this issue and the previous issue on *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218. In *Wilk*, the supreme court consolidated several unrelated cases for review. Defendants Wilk and Wright filed notices of appeal with the appellate court following their convictions. The appeals were dismissed for failure to comply with Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)), which requires a defendant, who pleaded guilty and seeks to appeal his conviction, to file a motion to withdraw his guilty plea within 30 days of imposition of sentence. The defendants alleged their attorneys' failure to comply

with Rule 604(d) constituted ineffective assistance of counsel, as the appellate court dismissed their appeals for lack of jurisdiction.

The supreme court reaffirmed that Rule 604(d) "establishes a condition precedent for an appeal from a defendant's plea of guilty." (*Wilk*, 124 Ill. 2d at 105, 529 N.E.2d at 222.) The court noted the practice of not filing a Rule 604(d) motion had become widespread in several divisions of the appellate court. These divisions routinely allowed motions to remand to file a motion to withdraw the plea, or decided the merits without the Rule 604(d) motion. The court's opinion in *Wilk* clearly sought to end these practices.

The supreme court concluded the appellate court properly dismissed the appeals by Wilk and Wright, but went on to state:

> "This holding, however, does not leave these defendants without a remedy.
>
> The appropriate remedy for these defendants lies in our Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*)." *Wilk*, 124 Ill. 2d at 107, 529 N.E.2d at 223.

Also involved in *Wilk* were defendants Brown and Erickson, who filed motions to reconsider their sentences without filing Rule 604(b) motions. The trial courts denied the motions to reconsider and the appellate court dismissed the appeals. The supreme court held a Rule 604(d) motion is unnecessary when a defendant seeks only reconsideration of the sentence, so long as a motion to reconsider the sentence is filed. (*Wilk*, 124 Ill. 2d at 110, 529 N.E.2d at 224; see also *People v. Easley* (1990), 199 Ill. App. 3d 179, 182, 556 N.E.2d 802, 804.) "And since Rule 605(b) [(107 Ill. 2d R. 605(b))] does not require an admonishment concerning the filing of a motion to reconsider the sentence, the trial court's failure to admonish pursuant to Rule 605(b) cannot form the basis for preserving the issues in the instant appeal." (*People v. Gerdes* (1990), 196 Ill. App. 3d 133, 134, 553 N.E.2d 108, 109.) Thus, the trial court's failure to admonish the defendant that he could seek reconsideration of the sentences without withdrawing his guilty plea did not deny the defendant his right to a direct appeal.

The judgment of the McLean County circuit court is affirmed.

Affirmed.

SPITZ and GREEN, JJ., concur.