THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DALE L. DAUGHERTY, Defendant-Appellant.

Fourth District   No. 4—90—0005

Opinion filed October 18, 1990.

Daniel D. Yuhas and Gloria Ann Morris, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Dale L. Daugherty appeals from his conviction and sentence for violating section 401 of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)) by committing the offense of unlawful delivery of a controlled substance, in that on August 5, 1988, he knowingly and unlawfully delivered to Lorana Boll more than 1 gram, but not more than 15 grams, of a controlled substance containing cocaine, otherwise than as authorized in the Act. He contends his counsel's complete failure to represent him at his sentencing hearing deprived him of his right to effective assistance of counsel. Defendant also contends, and the State agrees, that he was not properly credited for six days he spent in jail prior to sentencing.

We affirm as to the issue of ineffective assistance of counsel and remand so that credit can be given for the six days.

A three-count bill of indictment was returned by an Adams County grand jury on March 7, 1989. Count I charged defendant with unlawful delivery of a controlled substance, based upon delivery of less than one gram of cocaine to Lorana Boll on July 27, 1988. The offense charged in count I is a Class 2 felony (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(c)), which provides for a sentence of not less than three years and not more than seven years (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(5)), and also provides for a fine up to $200,000 (Ill. Rev. Stat. 1987, ch. 56½, pars. 1401(c)).

Count II charged the offense which is the basis for the present appeal and which is a Class 1 felony. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2).) A Class 1 felony provides for a sentence of not less than 4 years and not more than 15 years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(4).) The offense also allows a fine of up to $250,000. Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b).

Count III referred to the July 27, 1988, and August 5, 1988, dates, and charged the offense of narcotics racketeering. (Ill. Rev. Stat. 1987, ch. 56½, par. 1654(a).) This offense is also a Class 1 felony and allows for a fine of up to $250,000. Ill. Rev. Stat. 1987, ch. 56½, pars. 1655(a)(1), (a)(2).

An entry of appearance by an attorney on behalf of the defendant was filed on April 28, 1989. The defendant appeared and pleaded not guilty on May 9, 1989. On September 29, 1989, defendant appeared with his counsel, waived jury trial, and entered a plea of guilty based upon a plea agreement being accepted by the court. This agreement provided for a plea of guilty to count II and provided for a sentence of four years in the Illinois Department of Corrections. It further provided that count I and count III of the indictment be dismissed, and that a bail bond violation be dismissed. At the time of this plea, the trial court carefully and completely admonished the defendant prior to taking the plea. The trial court specifically explained that, if the court accepted the plea, the defendant would receive a four-year sentence, no more and no less. The defendant then entered a plea of guilty to count II, after specifically acknowledging he was in fact guilty. The trial judge conditionally accepted the plea, reserving final acceptance upon a presentence report and sentencing hearing. The cause was continued for the sentencing hearing.

On November 13, 1989, defendant filed a motion to withdraw his plea of guilty and vacate judgment. This motion was heard on December 11, 1989, and denied. The cause proceeded to sentencing hearing

on the same date, and defendant was given the four-year sentence and ordered to pay court costs and a mandatory drug fine of $300. A presentence report was presented at this hearing, without objection on the part of the defendant. Neither the State nor the defense presented evidence at the sentencing hearing. The failure by defense counsel to present evidence at the sentencing hearing is the basis for defendant's allegation of deprivation of counsel.

Defense counsel's argument at sentencing was as follows:

"[Defense counsel]: Your Honor, we have a lot of evidence we can put on in mitigation. But in light of what the Court has done here today, I don't know that it makes any difference. The man is going to get four years irregardless of what I say or what he does. So we would want to offer no evidence at this time in mitigation, because it would just be a waste of the court's time.

THE COURT: It's your choice, uh, and if you desire to offer no evidence, I will respect that.

Very well, then. Argument, [prosecutor]?

[Prosecutor]: Your Honor, we would ask that the court concur in the negotiations and sentence the Defendant to the Department of Corrections for four years.

THE COURT: In just looking at the transcript from the last time we did this, uh, has there been a, was there an agreement on the street value fine?

[Prosecutor]: Yes, your Honor. I believe it was $300.

THE COURT: $300.

[Prosecutor]: And I would concur—The court had made an inquiry of me before and I do not think it would be appropriate to find [sic] him in an amount additional to the mandatory fine.

THE COURT: Very well.

[Defense counsel]?

[Defense counsel]: Your Honor, we would ask the court at this point in light of the fact that the court has refused or denied my motion to vacate the guilty plea, to not accept this negotiation, to not concur, not to give final concurrence and set this matter down for a jury trial.

We don't believe that the Department of Corrections sentence in this case is appropriate, and we don't believe that this gentleman should be placed with the Department of Corrections. We believe that he should be allowed to stand trial. And we would ask the court to not finally concur in the sentence in this case."

We emphasize that this appeal is not from the ruling denying the motion to withdraw the plea.

▪▪ Sentencing is a critical stage of a criminal proceeding, at which time the defendant is entitled to the effective assistance of counsel. (*People v. Reyes* (1981), 102 Ill. App. 3d 820, 837, 429 N.E.2d 1277, 1291.) When evaluating claims of ineffectiveness of counsel, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (*Strickland v. Washington* (1984), 466 U.S. 668, 689, 80 L. Ed. 2d 674, 694, 104 S. Ct. 2052, 2065.) The Court in *Strickland* announced a two-part test for judging ineffectiveness claims. Under that test, a defendant must first show that his counsel's performance "fell below an objective standard of reasonableness." (*Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.) Defendant also must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

We need go no further in citing words of various courts regarding what constitutes a deprivation of sixth amendment right to counsel. We have examined the various authorities cited by defendant and find they are inapplicable here. The present case involved a plea bargain agreement. The agreement was made between the State and the defendant. The State gave up the right to proceed with certain charges and the right to seek a sentence greater than the minimum. The defendant gave up his right to a jury trial and the right to seek less than the four-year sentence. He received a guarantee barring a more severe sentence and a greater fine. When the court accepted the plea agreement, no variance was possible. What more could counsel have done? The motion to withdraw had been denied.

▪ What we are saying today is that once a plea agreement with an agreed sentence has been accepted, the only further action (or inaction) by counsel which would be considered ineffective would be to allow the trial court to enter a sentence greater than that agreed upon.

▪ An examination of the record indicates defense counsel participated in a multitude of preplea proceedings, as well as the motion to withdraw plea. We have included in this opinion defense counsel's statement at the sentencing hearing. To hold that his service was inadequate at the time of sentencing would be a great injustice to him.

▪ As to the six days' credit, we note the trial court failed to give credit for the six days defendant spent in jail awaiting sentence.

The credit was mandatory. (See Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—7(b).) This case must be remanded for the limited purpose of correcting the mittimus to provide for this credit.

Affirmed and remanded with directions.

KNECHT, P.J., and STEIGMANN, J., concur.