THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LESTER L. PRIER, Defendant-Appellant.
Fourth District No. 4—92—0636

Opinion filed March 25, 1993.—Rehearing denied June 9, 1993.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael Atterberry, State's Attorney, of Petersburg (Norbert J. Goetten, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Lester L. Prier appeals from the order of the circuit court of Menard County summarily dismissing his *pro se* petition for post-conviction relief as frivolous and patently without merit. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a)(2).) We affirm.

Following a bench trial, judgments of conviction were entered against defendant for the unlawful possession of a stolen vehicle in violation of section 4—103(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(a)(1)), and of theft of property having a value in excess of $300 in violation of section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1)), although defendant received the maximum extended term of 14 years on only the unlawful possession of a stolen vehicle conviction. No sentence was imposed on the theft conviction. In defendant's direct appeal, this court affirmed the judgment of conviction for unlawful possession and vacated the judgment for theft. *People v. Prier* (1990), 195 Ill. App. 3d 1112, 582 N.E.2d 328 (unpublished order under Supreme Court Rule 23).

In the post-conviction petition, defendant alleged (1) he was deprived of the effective assistance of counsel, (2) his right to be free from double jeopardy for the same offense was violated, and (3) he had been falsely imprisoned prior to trial. On appeal, however, defendant raises only one issue, to wit: whether the petition for post-conviction relief contained allegations of the denial of defendant's constitutional right to the effective assistance of counsel which, if proved, would entitle him to a new sentencing hearing.

Defendant's post-conviction petition alleged, in relevant part, as follows:

"2. Trial Counsel failed to call and/or subpoena witnesses at the sentencing hearing in mitigation which severely prejudiced the defendant. Defendant informed trial counsel of his past cooperation [*sic*] with many police agencys [*sic*]. Thus defendants [*sic*] was denied 'Due Process' in his sentencing hearing. (affidavits attached)[.]"

Attached to the petition for post-conviction relief were affidavits of Officer David A. Hurrelbrink of the Springfield, Illinois, police department and Lawrence Tumulty, a retired Springfield, Illinois, police offi-

cer. In these affidavits, the affiants detailed a number of instances in which defendant cooperated with the police leading to the apprehension of criminal suspects. With regard to this allegation, the trial court's written order stated:

"As to the sentencing hearing subsequent to Defendant's conviction, the affidavits which Defendant has attached to his Petition fail to state that the affiants would have testified on behalf of the Defendant at the sentencing hearing, and furthermore, even if they had done so, the Court would have imposed the same sentence due to the extensive prior criminal history of the Defendant."

The Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.*) sets out a three-step process for adjudicating petitions for post-conviction relief. The trial court is not to decide the petition on the merits at the first stage. Instead, at the first stage, the trial court considers the petition, with no input from the State or further pleadings from defendant, in order to determine if it is frivolous and patently without merit. If the petition is not dismissed as frivolous and patently without merit, counsel may be appointed to represent an indigent defendant, and said counsel will be afforded an opportunity to amend the petition. At that point, the State may move to dismiss. The third and final stage is an evidentiary hearing if the petition is not dismissed on the State's motion. *People v. Dredge* (1986), 148 Ill. App. 3d 911, 912-13, 500 N.E.2d 445, 446.

In this case, the proceeding was only in the first stage. In *Dredge*, this court stated:

"In determining the particularity with which a *pro se* petitioner for post-conviction relief must state alleged deprivations of constitutional rights in her petition, we note that such petitioners are often persons of limited education. (See *Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715; *People v. Wilson* (1986), 146 Ill. App. 3d 567.) Therefore, we conclude that in order to withstand dismissal at the first stage of post-conviction proceedings, a petition for post-conviction relief need only contain a simple statement which presents the gist of a claim for relief which is meritorious when considered in view of the record of the trial court proceedings. (See *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.) Requiring *pro se* petitioners to state their claims in greater detail than this would have the practical effect of depriving many such persons of their right of meaningful access

to the courts. (*Cf. People v. Wilson* (1986), 146 Ill. App. 3d 567.)" (*Dredge*, 148 Ill. App. 3d at 913, 500 N.E.2d at 446-47.) Based on this appeal and numerous others which have come before this court since *Dredge*, it is evident that an explanation of the term "gist of a meritorious claim" must be made.

Perhaps we should start by explaining what it is not. A "gist of a meritorious claim" is not a bare allegation of a deprivation of a constitutional right. The trial court is not required to accept the allegation as establishing a deprivation of a constitutional right even though no opposing pleading has been filed.

> "Although a *pro se* defendant seeking post-conviction relief would not be expected to construct legal arguments, cite legal authority, or draft her petition as artfully as would counsel, the *pro se* defendant must still plead sufficient *facts* from which the trial court could find a valid claim of deprivation of a constitutional right." *People v. Lemons* (1993), 242 Ill. App. 3d 941, 946, citing *People v. Porter* (1988), 122 Ill. 2d 64, 74, 521 N.E.2d 1158, 1161.

The Act requires that the allegations in the petition for post-conviction relief be supported by affidavit, the record, or other evidence. (Ill. Rev. Stat. 1991, ch. 38, pars. 122–1, 122–2.) However, the trial court is not prevented from closely scrutinizing the supporting documents at the first stage in the process to determine whether the allegations are frivolous or patently without merit. Indeed, we believe the enactment of section 122–2.1 of the Act encouraged such an analysis. Ill. Rev. Stat. 1991, ch. 38, par. 122–2.1; *Lemons* (1993), 242 Ill. App. 3d at 946.

Defendant alleged that trial counsel provided ineffective assistance by failing to present at the sentencing hearing mitigating evidence of which counsel had been made aware. The attached affidavits indicate such evidence did exist. The *pro se* petition could be construed as alleging a failure of trial counsel to investigate the existence of the evidence, rather than being indicative of a tactical decision not to present evidence which counsel deemed would have no impact on the outcome of the sentencing hearing. However, the defendant, in order to be successful in this proceeding, must plead and prove (1) that his trial counsel's representation at the sentencing hearing fell below an objective standard of reasonableness, and (2) that, without the ineffective representation, there would be a reasonable probability that the outcome at sentencing would have been different. *People v. Daugherty* (1990), 204 Ill. App. 3d 614, 618, 561 N.E.2d 1384, 1386-87.

At the time of defendant's sentencing hearing on June 5, 1989, he was 27 years old. In spite of his youth, defendant had been convicted of 13 additional felonies in the prior nine years, consisting of eight burglaries in 1980 for which defendant was sentenced to concurrent six-year terms of imprisonment (Sangamon County case Nos. 80—CF—509, 80—CF—520, 80—CF—521, 80—CF—527, 80—CF—528, 80—CF—529, 80—CF—530, and 80—CF—544), a 1980 felony theft conviction for which he was sentenced to two years' probation (Sangamon County case No. 80—CF—193), and convictions in 1988 for three felony thefts and criminal damage (Sangamon County case Nos. 85—CF—370, 86—CF—34) for which he was sentenced to concurrent terms of probation of 30 months and ordered to perform 200 hours of public service work. The trial court found that defendant's imprisonment was necessary for the protection of the public and that a lesser sentence would deprecate the seriousness of the offense and be inconsistent with the ends of justice. The trial court, considering that defendant had in the past been sentenced to imprisonment and to terms of probation and still continued his life of crime, found that defendant had little rehabilitative potential. Therefore, defendant was sentenced to a maximum extended term of 14 years. Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(b); ch. 38, pars. 1005—5—3.2(b)(1), 1005—8—2(a)(4).

In assessing whether the *pro se* petition for post-conviction relief is frivolous and patently without merit, the trial court may examine the petition, affidavits, and record to determine if the *pro se* petition has alleged facts on which a valid claim of prejudice to defendant can be based. (See *People v. Fern* (1993), 240 Ill. App. 3d 1031, 1041.) In light of the aggravating evidence, the information contained in the affidavits submitted in support of defendant's petition for post-conviction relief is insignificant, and we agree with the trial court that the defendant has failed to allege facts which would demonstrate that he was prejudiced by the failure of his counsel to present this evidence at the sentencing hearing. (See *People v. Neal* (1990), 142 Ill. 2d 140, 151, 568 N.E.2d 808, 813.) In *Neal*, the supreme court reviewed the aggravating circumstances of the murder and the proposed mitigating evidence, stating:

"In light of this aggravating evidence, evidence that two coworkers thought petitioner was a good person and that a jailer said petitioner stayed out of trouble while in jail seems rather insignificant indeed. The information alleged in and appended to the post-conviction petition was insufficient to demonstrate prejudice and require a departure for this court's holding in petitioner's direct appeal. Since petitioner has not overcome the

prejudice prong of the test announced in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, both of his claims of ineffective assistance of counsel must fail." *Neal*, 142 Ill. 2d at 151, 568 N.E.2d at 813.

For the foregoing reasons, the judgment of the circuit court of Menard County dismissing defendant's *pro se* post-conviction petition as frivolous and patently without merit is affirmed.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.