No. 2--05--0757      Filed:  5-4-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 02--CF--2 |
| RUDOLPHO D. PINEDA, | ) ) | Honorable John T. Phillips, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Rudolpho D. Pineda, appeals from the summary dismissal of his postconviction petition.  See 725 ILCS 5/122--2.1(a)(2) (West 2004).  In the petition, defendant alleges that his trial counsel was ineffective for failing to introduce evidence that one of the two complaining witnesses had a prior conviction of battery and then failing to argue that the witness's violent character supported the inference that defendant acted in self-defense.  We affirm the summary dismissal of the petition.

FACTS

Following a jury trial, defendant was convicted of the attempted first-degree murder (720 ILCS 5/8--4(a), 9--1(a) (West 2002)) of Bart Borchers and armed violence (720 ILCS 5/12--4(a), 33A--2 (West 2002)) directed toward Tony Bryson.  The trial court imposed consecutive prison

terms of 23 years for the attempted murder and 15 years for the armed violence. The court ordered defendant to serve 85% of the 38-year aggregate term.

The evidence at trial indicated that defendant stabbed Borchers and Bryson during a New Year's Eve party at the home of Pat Schifter. The defense theory was that defendant acted in self-defense. Defendant arrived at the party with his girlfriend, Jamie Draper, and her friend, Latosha "Nicky" Cowell. There was conflicting evidence as to whether the partygoers ingested cocaine, marijuana, and large amounts of alcohol. Draper and defendant began arguing soon after they arrived, and Cowell saw Draper kissing Borchers while defendant was outside talking with someone else. Schifter and Bryson eventually asked defendant, Draper, and Cowell to leave, but Draper refused. Cowell overheard Borchers and Draper agree to check into a motel. Borchers and Bryson then confronted defendant in the kitchen and ordered him to leave. Defendant said he would leave with "the girls," but Borchers said "no." At trial, the parties disagreed on the details of the altercation that followed, but there was no question that defendant obtained a steak knife from a kitchen drawer and cut Borchers and Bryson several times.

On direct appeal to this court, defendant argued that he was entitled to a new trial because (1) the prosecutor indoctrinated the jury during voir dire, (2) the trial court erroneously admitted certain hearsay testimony, and (3) the prosecutor improperly argued that society had an interest in convicting defendant. We rejected each of defendant's arguments and affirmed his convictions on June 28, 2004. People v. Pineda, 349 Ill. App. 3d 815 (2004).

On April 4, 2005, defendant filed a pro se petition for postconviction relief. He alleged, among other things, that trial counsel was ineffective for failing to question Borchers about a prior conviction of battery and failing to argue that the conviction supported defendant's position that his

conduct was justified as self-defense. In this appeal, defendant does not raise any of the other claims set forth in the postconviction petition.

On July 1, 2005, the trial court entered a written order summarily dismissing defendant's petition as frivolous and patently without merit. As to the ineffective assistance of counsel claim, the court stated as follows:

"[Defendant] claims that his counsel knew of a prior record for domestic battery and decided not to use it at trial. There is no evidence that there actually was a conviction, what type it was if it existed, what the date of it was, or even if it was of a type that could be used for impeachment. It is impossible under these circumstances to say if this would have amounted to ineffective assistance. *** Moreover, [defendant] does not establish any failure of the State to disclose Borchers' criminal record. [Defendant] does not establish that a conviction actually existed, what it entailed, or whether it could have been used for impeachment even if a conviction existed."

ANALYSIS

On appeal, defendant argues that the trial court erred in summarily dismissing his postconviction claim of ineffective assistance of counsel. Defendant urges us to remand the cause for an evidentiary hearing on the merits. The State argues alternative bases on which to affirm the summary dismissal. The State contends that (1) defendant waived the allegation because he failed to raise it on direct appeal; (2) defendant failed to supplement his affidavit with sufficient evidentiary support that Borchers had a prior conviction of battery that could have been used for impeachment at trial; and (3) even if the prior conviction existed, the claim of ineffective assistance is frivolous and patently without merit because trial counsel's decision to omit the conviction from evidence was

a matter of trial strategy and did not prejudice defendant. We affirm the summary dismissal, based on the State's third argument.

The Post-Conviction Hearing Act (Act) establishes a procedure for determining whether a criminal defendant was convicted in substantial violation of his or her constitutional rights. 725 ILCS 5/122--1(a) (West 2004). Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the conviction occurred. 725 ILCS 5/122--1(b) (West 2004). The petition must identify the proceeding in which the conviction occurred, state the date of the contested final judgment, and clearly identify the alleged constitutional violations. 725 ILCS 5/122--2 (West 2004). In addition, the petition must be both verified by affidavit (725 ILCS 5/122--1(b) (West 2004)) and supported by "affidavits, records, or other evidence" (725 ILCS 5/122--2 (West 2004)). If such "affidavits, records, or other evidence" are unavailable, the petition must explain why. 725 ILCS 5/122--2 (West 2004).

At the first stage of a postconviction proceeding in a noncapital case, the trial court, within 90 days of the filing and docketing of a petition, shall review the petition and, in a written order that specifies findings of fact and conclusions of law, dismiss the petition if the court determines that the petition is frivolous or is patently without merit. 725 ILCS 5/122--2.1(a)(2) (West 2004). "A postconviction petition is considered frivolous or patently without merit if the petition's allegations, taken as true, fail to present the gist of a meritorious constitutional claim." People v. Collins, 202 Ill. 2d 59, 66 (2002); People v. Gaultney, 174 Ill. 2d 410, 418 (1996). Our review of the trial court's dismissal of a postconviction petition pursuant to section 122--2.1(a)(2) of the Act is de novo. People v. Edwards, 197 Ill. 2d 239, 247 (2001). To reach the legally correct answer, we are free to substitute our own judgment for that of the trial court. Edwards, 197 Ill. 2d at 247.

Because more often than not the defendant will be filing the petition pro se (People v. Porter, 122 Ill. 2d 64, 70-75 (1988)), the defendant's burden at the first stage is lower than at stages later in the proceedings, when the defendant is assisted by counsel. The purpose is to give indigent defendants a meaningful opportunity to be heard. Porter, 122 Ill. 2d at 74. Consequently, the supreme court has declared that the Act requires that a pro se petition present only the gist of a constitutional claim. People v. Boclair, 202 Ill. 2d 89, 99 (2002). The "gist" standard is a "low threshold." Gaultney, 174 Ill. 2d at 418. Although a "gist" is something more than a bare allegation of a deprivation of a constitutional right (People v. Prier, 245 Ill. App. 3d 1037, 1040 (1993)), it is something less than a completely pled or fully stated claim (Edwards, 197 Ill. 2d at 245). Therefore, to set forth the "gist" of a constitutional claim, the pro se defendant " 'need only present a limited amount of detail.' " Edwards, 197 Ill. 2d at 245, quoting Gaultney, 174 Ill. 2d at 418. The defendant need not construct legal arguments or cite to legal authority (Porter, 122 Ill. 2d at 74); nor must the defendant plead sufficient facts from which the trial court could find a valid claim of deprivation of a constitutional right (Edwards, 197 Ill. 2d at 244-45). However, the supreme court has held that the failure to either attach the necessary affidavits, records, or other evidence or explain their absence is fatal to a postconviction petition and by itself justifies the petition's summary dismissal. Collins, 202 Ill. 2d at 66.

In this appeal, defendant argues that he stated the gist of a constitutional claim of ineffective assistance of counsel. Both the United States and Illinois Constitutions guarantee a defendant the right to effective assistance of counsel. See U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8. The purpose of this guarantee is to ensure that the defendant receives a fair trial. Strickland v. Washington, 466 U.S. 668, 684-85, 80 L. Ed. 2d 674, 691-92, 104 S. Ct. 2052, 2063 (1984). The

ultimate focus of the inquiry is on the fundamental fairness of the challenged proceedings. Strickland, 466 U.S. at 696, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069.  However, there is a strong presumption of outcome reliability, so to prevail, a defendant must show that counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland, 466 U.S. at 686, 80 L. Ed. 2d at 692-93, 104 S. Ct. at 2064.  Under Strickland, defense counsel is ineffective only if (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's error prejudiced the defendant.  Failure to establish either prong is fatal to the claim.  Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.  A court need not decide whether counsel's performance was deficient before analyzing whether the defendant was prejudiced.  People v. Cortes, 181 Ill. 2d 249, 295-96 (1998).

The burden is on the defendant to affirmatively prove prejudice.  Strickland, 466 U.S. at 693, 80 L. Ed. 2d at 697, 104 S. Ct. at 2067.  To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.  The prejudice component of Strickland entails more than an "outcome-determinative test";  rather, the defendant must show that deficient performance of counsel rendered the result of the trial unreliable or the proceeding fundamentally unfair.  People v. Richardson, 189 Ill. 2d 401, 411 (2000).

In this appeal, defendant argues that his postconviction petition stated the gist of a claim of ineffective assistance of counsel because (1) Borchers had a prior conviction of battery; and (2) trial

counsel was ineffective for failing to introduce evidence of the conviction and argue that defendant acted in self-defense because Borchers had violent tendencies.

When the theory of self-defense is raised, evidence of the victim's aggressive and violent character may be offered for two reasons: (1) to show that the defendant's knowledge of the victim's violent tendencies affected the defendant's perceptions of and reactions to the victim's behavior; and (2) to support the defendant's version of the facts where there are conflicting accounts of what happened. People v. Lynch, 104 Ill. 2d 194, 199-200 (1984). Under the first approach, Borchers' prior conviction of battery--assuming he had one--would have been relevant only if defendant was aware of it at the time of the incident, and defendant does not allege that he was. Under the second approach, defendant's knowledge is irrelevant.

The State concedes that defendant properly raised the theory of self-defense. However, the State points out that a trial court's decision to admit or exclude evidence of a victim's violent character is subject to the abuse-of-discretion standard of review (People v. Nunn, 357 Ill. App. 3d 625, 630 (2005)); and because defendant was not entitled to the admission of a prior conviction, he cannot establish that the outcome of the trial would have been different. Assuming arguendo that Borchers had a prior conviction of battery and that the trial court would have admitted it under Lynch, we nevertheless conclude that the outcome of the trial would not have been different and that therefore defendant has failed to establish the prejudice prong of Strickland.

Even if a prior conviction of battery were used to discredit Borchers, the testimony of the other victim, Bryson, would have been unimpeached. Bryson corroborated Borchers' testimony, and therefore, any attempt to undermine Borchers' version of events would likely have been futile. To establish prejudice, defendant must show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." See <u>Strickland</u>, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. Taking every factual allegation in defendant's postconviction petition as true, we conclude that defendant cannot show that there is "a probability sufficient to undermine confidence in the outcome" that the result of the proceeding would have been different if counsel had attempted to impeach Borchers with a prior conviction. <u>Strickland</u>, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

Defendant cites <u>Edwards</u> in arguing that "in the context of a claim of ineffective assistance of counsel, it is 'unreasonable to place a burden on a <u>pro se</u> defendant to demonstrate the merits of his hypothetical appeal.' " <u>Edwards</u>, 197 Ill. 2d at 254. Defendant cites this premise and <u>People v. Shevock</u>, 353 Ill. App. 3d 361, 365 (2004), for the proposition that "a <u>pro se</u> postconviction petitioner is not required to prove <u>Strickland's</u> 'prejudice' prong at stage one" to survive summary dismissal.

Shevock filed a postconviction petition, and at the first stage of proceedings the trial court summarily dismissed it as frivolous and patently without merit. <u>Shevock</u>, 353 Ill. App. 3d at 362. The Appellate Court, Fourth District, affirmed the summary dismissal, holding that Shevock's petition was "so vague, so conclusory, and so utterly bereft of any factual detail whatsoever that it falls short of the liberal pleading standards of <u>Boclair</u> and <u>Edwards</u>." <u>Shevock</u>, 353 Ill. App. 3d at 362. In the context of affirming the summary dismissal, the Fourth District set forth a lengthy discussion of the pleading standards of <u>Edwards</u>. The <u>Shevock</u> court commented on <u>Edwards</u> as follows:

"To allege, in its entirety, a claim of ineffective assistance of counsel, the defendant in <u>Edwards</u> would have had to allege not only his attorney's substandard performance (see

Strickland v. Washington, 466 U.S. 668, 690, 80 L. Ed.2d 674, 695, 104 S. Ct. 2052, 2066 (1984))--and he did so by alleging the attorney's refusal to file an appeal--but he also had to allege a reasonable probability that the result in his case would have been different had his attorney filed the appeal (see Strickland, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068). Alleging prejudice would have entailed 'demonstrat[ing] the merits of his hypothetical [postplea motion and] appeal.' Edwards, 197 Ill. 2d at 254 ***. The defendant alleged no facts establishing prejudice, and thus his claim was incomplete: it was merely the 'gist' of a claim. Edwards, 197 Ill. 2d at 245 ***. But the 'gist' of a claim was all the Post-Conviction Hearing Act (725 ILCS 5/122--2 (West 2002)) required at the first stage of the postconviction proceeding (Edwards, 197 Ill. 2d at 244 ***), and he had stated the 'gist' by alleging at least one factual element, namely, the attorney's substandard performance by refusing to file an appeal (Edwards, 197 Ill. 2d at 242 ***). Given that factual allegation, summary dismissal of the petition was premature. The petition was not 'so completely lacking in substance that it [was] frivolous or patently without merit.' Edwards, 197 Ill. 2d at 257 ***. On its face, the petition had potential merit: the defendant was well on his way to stating a viable claim of ineffective assistance of counsel." Shevock, 353 Ill. App. 3d at 365.

Defendant interprets this dicta in Shevock as barring the summary dismissal of a postconviction petition due to the petitioner's failure to allege prejudice in support of a claim of ineffective assistance of counsel. While the holding in Shevock was limited to the level of pleading detail necessary for a petition to survive summary dismissal, this case presents the distinct issue of whether a petition pled in detail is nevertheless frivolous and patently without merit because the

factual allegations could never support the claim. This distinction undermines Shevock's persuasiveness.

Furthermore, if we were to adopt defendant's position, we would essentially grant all postconviction petitioners the right to an evidentiary hearing on a claim of ineffective assistance of counsel so long as they simply alleged any de minimis error of counsel. Announcing such a rule would undermine the purpose of section 122--2.1(a)(2) of the Act, which authorizes the summary dismissal of claims that are frivolous or patently without merit.

Also, we note that one district of the state appellate court is not always bound to follow the decisions of other districts, even though there may be compelling reasons to do so when addressing factually similar cases. In re May 1991 Will County Grand Jury, 152 Ill. 2d 381, 398 (1992). We are not compelled to follow Shevock, which was issued by the Fourth District.

Most importantly, we question whether Shevock is good law. In a supreme court case that postdates Shevock, a postconviction petitioner alleged the ineffective assistance of counsel, and our supreme court affirmed the summary dismissal of the petition under section 122--2.1(a)(2) of the Act, based on the petitioner's failure to meet the prejudice prong of Strickland. People v. Robinson, 217 Ill. 2d 43, 63 (2005). In Robinson, the defendant argued that his appellate counsel was ineffective for failing to argue that a witness's out-of-court statement to police that the defendant was one of the shooters was inadmissible hearsay. Robinson, 217 Ill. 2d at 62. Deciding that the statement was admissible under the spontaneous declaration exception to the hearsay rule, the supreme court affirmed the summary dismissal and held that "appellate counsel's failure to raise the issue was not an error and did not prejudice defendant," as must be established under Strickland.

(Emphasis added.) Robinson, 217 Ill. 2d at 63. Robinson is directly on point, and we follow it rather than Shevock.

In agreement with Robinson, the appellate court has reached the same result in several subsequent cases. See, e.g., People v. Barcik, 365 Ill. App. 3d 183, 191 (2006) ("[h]ere, even assuming counsel was deficient for not calling defendant's fiancée [to testify], defendant's [postconviction] claim would still fail because defendant cannot establish prejudice"); People v. Williams, 364 Ill. App. 3d 1017, 1027 (2006) (dismissal of petition at first stage was appropriate because "defendant has failed to state the gist of a meritorious claim that counsel's failure to investigate his fitness and request a fitness hearing prejudiced him"); People v. Phyfiher, 361 Ill. App. 3d 881, 887 (2005) (where trial counsel agreed to continuances that tolled the speedy trial period, the summary dismissal of a postconviction petition alleging ineffective assistance was nevertheless appropriate, because "[h]ad trial counsel not agreed to the continuances, the record does not reflect the outcome of trial or sentencing would have been different"). Thus, we may affirm the summary dismissal of defendant's postconviction claim of ineffective assistance of counsel because he cannot meet the prejudice prong of the Strickland test.

For the preceding reasons, the judgment of the circuit court of Lake County is affirmed.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.