2020 IL App (2d) 170913-U
No. 2-17-0913
Order filed July 24, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-1802 |
| MICHAEL ANTHONY RANKINS JR., | ) ) ) | Honorable Donna R. Honzel, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Jorgensen and Bridges concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in imposing concurrent prison terms of 22 years for aggravated DUI and 5 years for reckless homicide: the record refuted defendant's claim that the trial court improperly considered in aggravation a possession-of-a-stolen-vehicle charge that was dismissed pursuant to his guilty plea.

¶ 2    Defendant, Michael Anthony Rankins Jr., pleaded guilty to aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(d)(1)(F), (d)(2)(G) (West 2014)) and reckless homicide (720 ILCS 5/9-3(a) (West 2014)) and was sentenced to concurrent prison terms of 22 and 5 years, respectively. He appeals, contending that the trial court improperly cited as an

aggravating factor in sentencing a charge that was dismissed pursuant to a plea agreement and for which the record contains no evidence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant pleaded guilty to aggravated DUI and reckless homicide, in exchange for which the State dismissed numerous additional charges, including possession of a stolen motor vehicle. There was no agreement as to the sentence.

¶ 5     The factual basis for the plea showed that on August 4, 2015, a Dodge Avenger collided with a bridge wall on Riverside Drive in Rockford. The car went airborne and landed on its side. Defendant was extricated from the driver's seat. Two passengers, Marquez Hollingshed and Malcolm Owens, were injured, Hollingshed severely. Two other passengers, Devon Boose and Kewan Nappier, were pronounced dead at the scene. Hollingshed told investigating officers that defendant had been driving the car. At one point, defendant took both hands off the steering wheel. The car hit the curb but defendant never attempted to regain control of it. Hollingshed believed that defendant was drunk. Crash data revealed that the car was traveling 61 miles per hour 5 seconds before the crash and 70 miles per hour at impact. Defendant's blood-alcohol content was 0.09 and he had THC in his system. Defendant consistently took the position that his companions were the instigators of this chain of events, encouraging him to drink and drive.

¶ 6     At a pre-plea Rule 402 conference where defendant represented himself, the prosecutor, while reciting the State's version of the facts, noted that police had learned that the car involved "had been reported stolen about a half hour prior to the crash." Later, the following exchange occurred:

> "THE COURT: ***
>
>                          * * *

And even if I assume for a moment that you were just talked into drinking and using other drugs if that's what the evidence proved at trial and even if I assumed that, one of your friends is the one that thought it was a great idea to take someone's vehicle and take off in it, even if I assume that you—

DEFENDANT: I don't know that, [Y]our Honor.

THE COURT: Well, I wasn't there.

DEFENDANT: I wasn't there either when the vehicle came up missing, [Y]our Honor. That's what I'm telling you. I mean—

THE COURT: And that may be a defense at trial to knowingly being in possession of a stolen vehicle."

¶ 7 The presentence investigation report (PSI) showed that defendant had juvenile adjudications in Alabama for assault, breaking and entering a vehicle, burglary, and unauthorized use of a vehicle. As an adult, he had been convicted of misdemeanor battery and retail theft and felony aggravated battery and robbery. Defendant had been released from impact incarceration, or boot camp, approximately two weeks before the accident.

¶ 8 At the sentencing hearing, defendant testified that his childhood was "difficult." His father was in prison, leaving his mother to raise five children. His mother often left for days at a time, leaving defendant to care for his younger siblings. When defendant was 13 years old, his mother was hospitalized. Eventually the lights and water were shut off so defendant committed burglaries to provide for his siblings.

¶ 9 Defendant said that Nappier was his cousin and Boose was his best friend. They were celebrating on the day of the incident because it was defendant's 21st birthday and he had recently been released from prison. Defendant had no history of using alcohol prior to the incident. The

others were smoking marijuana in the car with the windows rolled up, but defendant did not participate because he had just been released from boot camp. Defendant took responsibility for not "standing up to" his companions to say that drinking and driving was wrong.

¶ 10    The trial court sentenced defendant to 22 years' imprisonment for aggravated DUI and a concurrent 5-year term for reckless homicide. In pronouncing the sentence, the court noted that "There is some [carry] over from those 2009, 2010 cases, at least from the [PSI], at least an allegation made, that the vehicle that you were in and driving was a stolen vehicle. So there is some recurrence in that kind of theme." Later the court stated, "Obviously the testimony and all the evidence is that essentially you are joy riding in a stolen vehicle at speeds that were in excess over 20 miles per hour above the limit, smoking pot with windows rolled up, drinking alcohol."

¶ 11    The court noted defendant's previous unsuccessful attempts at rehabilitation, including group homes, juvenile probation, and "various conditional discharges and probations." The court noted that defendant was convicted of violent offenses in 2013, 2014, and 2015, the last resulting in his being sent to boot camp, which he completed two weeks before the current offense.

¶ 12    In specifically listing the aggravating factors, the court mentioned that the offense caused serious harm, that defendant had a history of "juvenile delinquency as well as a history of adult criminal behavior" and that defendant was on mandatory supervised release when this offense occurred. The court noted the need for deterrence and that the offense involved a reckless homicide in which defendant was driving more than 20 miles per hour above the speed limit.

¶ 13    Defendant moved to reconsider the sentence, arguing in part that the trial court had erred by not allowing argument prior to imposing the sentence. The court agreed. It allowed the parties to argue their respective positions, but afterward imposed the same sentences. In doing so, the court stated, "And I noted before that obviously the PSI indicates that the vehicle involved in this

vehicle [*sic*] was a stolen vehicle. That is certainly in accord with and along the lines of his 2010 and previous juvenile activity as it pertains to vehicles and I guess call it disrespect to the property of others." Defendant timely appeals.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, defendant contends that the trial court erred in sentencing him by considering as a factor in aggravation the possession of a stolen motor vehicle charge that the State dismissed as part of the plea agreement. He argues that the record contains no evidence about the circumstances under which the car was stolen. Defendant acknowledges that he did not contemporaneously object to the court's comments or raise the issue in a postsentencing motion, but asks us to consider the issue under either a plain error or ineffective assistance of counsel theory. The State responds that we should not disregard the forfeiture but that, in any event, the court's comments were not erroneous because the prosecutor's representations at the Rule 402 hearing sufficiently established that the car was stolen.

¶ 16    The trial court is the proper forum to determine a sentence, and that court's sentencing decision is entitled to great deference. *People v. Latona*, 184 Ill. 2d 260, 272 (1998). The trial court is charged with the duty of balancing relevant factors and making a reasoned decision as to the appropriate punishment in each case. *Id.* While the trial court has broad discretionary powers in imposing a sentence, a court abuses its discretion when it considers an improper factor in aggravation. *People v. Minter*, 2015 IL App (1st) 120958, ¶ 147. Whether the court relied upon an improper sentencing factor is a question of law that we review *de novo*. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8.

¶ 17    In sentencing, the trial court may look anywhere, within reasonable bounds, for additional facts tending to aggravate or mitigate the offense. *People v. La Pointe*, 88 Ill. 2d 482, 495 (1981).

The court is not limited to information that would be admissible at trial so long as the evidence is relevant and reliable. *Id.* at 498. Here we agree with defendant that neither the state's proffer in the Rule 402 Conference, nor the presentence investigation report's reference to an allegation that the vehicle was stolen, without more, provided a basis for the trial court to consider this factor in aggravation.

¶ 18 We note here that, as defendant acknowledges, he did not object to the court's comments. Had he done so, the court could have corrected itself or at least explained the basis for its comments. See *People v. Rathbone*, 345 Ill. App. 3d 305, 310 (2003) (timely objection to trial court's sentencing comments would have allowed court to correct any mistake or explain why its comments were not improper). Defendant asks us to consider the issue as plain error. In the sentencing context, plain error is a limited exception to the forfeiture rule allowing for the consideration of an unpreserved error where the evidence at the sentencing hearing was closely balanced or the error so infected the proceedings as to deny the defendant a fair sentencing hearing. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). Before considering whether the plain-error exception applies, we must first determine whether any error occurred. *People v. Glasper*, 234 Ill. 2d 173, 203-04 (2009).

¶ 19 Defendant contends that the trial court erred when it considered as an aggravating factor the dismissed stolen motor vehicle charge about which the record contained no evidence. While the court referred to the vehicle being stolen on several occasions during the course of the sentencing hearing, it did not refer to this factor when it specifically delineated the evidence in aggravation prior to imposing sentence. A court's personal comments or observations "are generally of no consequence where the record shows the court otherwise considered proper sentencing factors." *People v. Thurmond*, 317 Ill. App. 3d 1133, 1142 (2000). Here, the court

specifically listed the applicable aggravating factors, including defendant's history of juvenile adjudications and adult convictions; that the incident resulted in the death of two individuals and serious injuries to three more (including defendant); that defendant was on mandatory supervised relief when the offenses were committed; and the need to deter others from driving under the influence. These aggravating factors specifically mentioned by the court were unquestionably proper. There is simply no indication that the court actually weighed the dismissed stolen motor vehicle charge as a factor in aggravation.

¶ 20     Furthermore, even if we agreed with defendant that the court gave some weight to the stolen motor vehicle factor, it would appear the weight placed on that factor was insignificant at best. When mentioning the stolen motor vehicle issue, the court specifically referred to it as an "allegation," and did not reference the factor in its recitation of the aggravation evidence. As the state urges, even where an improper factor is considered, remand is unnecessary if it appears from the record that the weight placed upon the improper factor was so insignificant that it did not lead to a greater sentence. See *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18. As the court referred to the stolen-vehicle charge only in passing and did not specifically list it as an aggravating factor, the record does not establish that this factor led to a greater sentence.

¶ 21     The cases upon which defendant relies are distinguishable in that the sentencing courts therein clearly relied upon dubious aggravation evidence. In *People v. Vaughn*, 56 Ill. App. 3d 700, 705 (1978), the court considered in aggravation a seven-year-old report from a Tennessee penal farm in which the defendant was classified as a " 'sociopath.' " The report did not disclose who had prepared it, the preparers' qualifications, or the amount of time the preparer had spent with each individual prisoner. *Id.* The court also considered a Maine indictment for rape that local authorities indicated they did not intend to pursue. *Id.* at 706. In *People v. Johnson*, 347 Ill. App.

3d 570 (2004), the court considered the defendant's Arkansas arrest for aggravated criminal sexual assault. The only information about the case known to the court was the defendant's "vague recollection that the charge was reduced and that he was placed on probation." *Id.* at 576. In both *Vaughn* and *Johnson,* the sentencing courts clearly weighed unreliable aggravation evidence in fashioning a sentence. Here, as discussed *supra,* the trial court gave little or no weight to any improper factor in aggravation.

¶ 22    Defendant also argues that his trial counsel rendered ineffective assistance by failing to object to these remarks. Defense counsel is ineffective only if (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's error prejudiced the defendant. Failure to establish either prong is fatal to the claim. *People v. Pineda*, 373 Ill. App. 3d 113, 117 (2007) (citing *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984)). Given our conclusion that the trial court gave little or no weight to any improper factor in aggravation, the failure to object to the complained-of remarks did not prejudice defendant, thus defeating his ineffective assistance of counsel claim. *Id.*

¶ 23

¶ 24                           III. CONCLUSION

¶ 25    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County.

¶ 26    Affirmed.